UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------- x
ROBERT L. GARBER, On Behalf of Himself : Civil Action No. 1:07-cv-04774-AKH
and All Others Similarly Situated, :
                                                                             :  CLASS ACTION
                                                                             :
                              Plaintiff,                               :
                                                                             :
        vs.                                                             :
                                                                             :
MACY'S INC. (f/k/a FEDERATED                           :
DEPARTMENT STORES, INC.), et al.,              :
                                                                             :
                              Defendants.                           :
---------------------------------------------------------------- :
MARLENE BLANCHARD, Individually and         :
On Behalf of All Others Similarly Situated,         :  Civil Action No. 1:07-cv-06112-AKH
                                                                             :
                                                                             :  CLASS ACTION
                              Plaintiff,                               :
                                                                             :
        vs.                                                             :
                                                                             :
MACY'S INC. (f/k/a FEDERATED                           :
DEPARTMENT STORES, INC.), et al.,              :
                                                                             :
                              Defendants.                           :
                                                                             :
---------------------------------------------------------------- x

MEMORANDUM IN SUPPORT OF THE MOTION OF PINELLAS PARK RETIREMENT
SYSTEM (GENERAL EMPLOYEES) FOR CONSOLIDATION, APPOINTMENT AS LEAD
PLAINTIFF AND FOR APPROVAL OF SELECTION OF LEAD COUNSEL

## TABLE OF CONTENTS

Page

**Table of Contents**

Page

I. PRELIMINARY STATEMENT ..................................................................................- 1 -

II. FACTUAL BACKGROUND......................................................................................- 2 -

III. ARGUMENT...............................................................................................................- 3 -

    A. The Actions Should Be Consolidated for All Purposes......................................- 3 -

    B. Pinellas Park Should Be Appointed Lead Plaintiff............................................- 3 -

        1. The Procedure Required by the PSLRA ................................................- 3 -

        2. Pinellas Park Satisfies the "Lead Plaintiff" Requirements of the Exchange Act..........................................................................................- 4 -

            a. Pinellas Park Has Complied with the Exchange Act and Should Be Appointed Lead Plaintiff...........................................- 4 -

            b. Pinellas Park Is Precisely the Type of Lead Plaintiff Congress Envisioned When it Passed the PSLRA......................- 5 -

            c. Pinellas Park Has the Requisite Financial Interest in the Relief Sought by the Class..........................................................- 6 -

            d. Pinellas Park Otherwise Satisfies Rule 23 ..................................- 6 -

    C. The Court Should Approve Pinellas Park's Choice of Counsel .........................- 8 -

IV. CONCLUSION............................................................................................................- 9 -

I.      **PRELIMINARY STATEMENT**

Presently pending before this Court are at least two-related securities class action lawsuits (the "Actions") brought on behalf of all purchasers of Macy's Inc. (f/k/a Federated Department Stores, Inc.) ("Macy's" or the "Company") securities between February 8, 2007 and May 15, 2007, inclusive (the "Class Period"). The Actions allege violations of §§10(b) and 20(a) of the Securities Exchange Act of 1934 ("the Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA") (15 U.S.C. §78) and SEC Rule 10b-5 promulgated thereunder (17 C.F.R. §240.10b-5).

Institutional Investor Pinellas Park Retirement System (General Employees) ("Pinellas Park") hereby moves this Court for an Order to: (i) consolidate the Actions; (ii) appoint Pinellas Park as Lead Plaintiff in the Actions under §21D(a)(3)(B) of the Exchange Act; and (iii) approve Pinellas Park's selection of the law firm of Lerach Coughlin Stoia Geller Rudman & Robbins LLP ("Lerach Coughlin") to serve as Lead Counsel.

This motion is made on the grounds that Pinellas Park is the most adequate plaintiff, as defined by the PSLRA. Pinellas Park is precisely the type of institutional investor that Congress sought to summon and empower when it enacted the PSLRA. *See Ferrari v. Impath, Inc.,* No. 03 Civ. 5667 (DAB), 2004 U.S. Dist. LEXIS 13898, at *10 (S.D.N.Y. July 20, 2004) (holding that the purpose behind the PSLRA is best achieved by encouraging institutional investors to serve as lead plaintiffs). Moreover, as an institutional investor, Pinellas Park is accustomed to acting as a fiduciary and its experience in legal and financial matters will substantially benefit the Class.

During the Class Period, Pinellas Park incurred a substantial $19,932.95 loss on its Class Period transaction in Macy's shares. *See* Rosenfeld Decl., Ex. 2.[1] To the best of its knowledge, this is the greatest loss sustained by any moving class member or class member group who has brought suit or filed an application to serve as Lead Plaintiff in these Actions. In addition, Pinellas Park, for the purposes of this Motion, adequately satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure in that its claims are typical of the claims of the putative class and that it will fairly and adequately represent the interests of the class.

## II.    FACTUAL BACKGROUND[2]

Macy's, the second-largest U.S. department store franchise, operates more than 850 department stores in 45 states, the District of Columbia, Guam and Puerto Rico under the names of Macy's and Bloomingdale's. Macy's acquired May Department Stores Co. ("May") in 2005 for $11 billion.

The complaint charges Macy's and certain of its officers and directors with violations of the Exchange Act. The complaint alleges that between February 8, 2007 and May 15, 2007, defendants caused Macy's shares to trade at artificially inflated levels by concealing that: (i) the May integration was actually failing; (ii) sales growth was diminishing; (iii) the Company's business had deteriorated; and (iv) as a result, its sales projections were grossly overstated. Defendants' positive statements had their intended effect and the Company's stock price reached a Class Period high of $46.70 per share by March 23, 2007.

---

[1] References to the "Rosenfeld Decl., Ex. ___" are to the exhibits attached to the accompanying Declaration of David A. Rosenfeld dated August 3, 2007, and submitted herewith.

[2] These facts are drawn from the allegations in the action entitled *Robert L. Garber vs. Macy's Inc. (f/k/a Federated Department Stores, Inc.), et al.*, Civil Action No. 1:07-cv-04774-AKH (the "*Garber* Action").

The complaint further alleges that Macy's stock price plummeted between May 10, 2007 and May 15, 2007, as the Company disclosed that customers of the former May stores had actually rejected the rapid conversion, that sales at the Company's new Macy's stores had declined during the first quarter of 2007, and that, in particular, the Company's decision to dramatically cut the number of days coupons could be used at the former May locations had badly damaged sales. On this news, the Company's stock price plunged to a price nearly 18% lower than its Class Period high, erasing over $3 billion in market capitalization.

### III.     ARGUMENT

#### A.     The Actions Should Be Consolidated for All Purposes

The Actions each assert class claims on behalf of Macy's shareholders for alleged violations of the Exchange Act. The Actions name similar defendants (*i.e.*, the officers and directors of Macy's) and involve the same factual and legal issues. The actions are each brought by shareholders of Macy's during the relevant time period who were injured by the defendants' fraud that was perpetrated through the issuance of materially false and misleading statements. Consolidation is appropriate where there are actions involving common questions of law or fact. *See* Fed. R. Civ. P. 42 (a); *see also Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir. 1990). That test is met here and, accordingly, the Actions should be consolidated.

#### B.     Pinellas Park Should Be Appointed Lead Plaintiff

##### 1.     The Procedure Required by the PSLRA

The PSLRA has established a procedure that governs the appointment of a lead plaintiff in "each private action arising under the [Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(1) and (a)(3)(B)(i).

First, the plaintiff who files the initial action must publish a notice to the class, within 20 days of filing the action, informing class members of their right to file a motion for appointment as

- 3 -

Lead Plaintiff. 15 U.S.C. §78u-4(a)(3)(A)(i). Plaintiff in the *Garber* Action, caused the first notice regarding the pendency of these actions to be published on *Business Wire*, a national, business-oriented newswire service, on June 4, 2007. *See* Rosenfeld Decl., Ex. 1. Within 60 days after publication of the notice, any person or group of persons who are members of the proposed class may apply to the Court to be appointed as lead plaintiff, whether or not they have previously filed a complaint in the action. 15 U.S.C. §§78u-4(a)(3)(A) and (B).

Second, the PSLRA provides that, within 90 days after publication of the notice, the Court shall consider any motion made by a class member and shall appoint as lead plaintiff the member or members of the class that the Court determines to be most capable of adequately representing the interests of class members. *See* 15 U.S.C. §78u-4(a)(3)(B). In determining the "most adequate plaintiff," the PSLRA provides that:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this Act is the person or group of persons that
>
> (aa) has either filed the complaint or made a motion in response to a notice...
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii). *See generally Greebel v. FTP Software*, 939 F. Supp. 57, 64 (D. Mass. 1996).

### 2. Pinellas Park Satisfies the "Lead Plaintiff" Requirements of the Exchange Act

#### a. Pinellas Park Has Complied with the Exchange Act and Should Be Appointed Lead Plaintiff

The time period in which class members may move to be appointed lead plaintiff herein under 15 U.S.C. §78u-4(a)(3)(A) and (B) expires on August 3, 2007. Pursuant to the provisions of

- 4 -

the PSLRA and within the requisite time frame after publication of the required notice on June 4, 2007, Pinellas Park timely moves this Court to be appointed Lead Plaintiff on behalf of all members of the class.

Pinellas Park has duly signed and filed a certification stating that it is willing to serve as a representative party on behalf of the class. *See* Rosenfeld Decl., Ex. 3. In addition, Pinellas Park has selected and retained competent counsel to represent itself and the class. *See* Rosenfeld Decl., Ex. 4. Accordingly, Pinellas Park has satisfied the individual requirements of 15 U.S.C. §78u-4(a)(3)(B) and is entitled to have its application for appointment as Lead Plaintiff and approval of selection of Lead Counsel as set forth herein, considered and approved by the Court.

### b. Pinellas Park Is Precisely the Type of Lead Plaintiff Congress Envisioned When it Passed the PSLRA

The Congressional objective in enacting the lead plaintiff provisions was to encourage large, organized institutional investors to play a more prominent role in securities class actions. *See* H.R. Conf. Rep. No. 104-369, at 34 (1995), reprinted in 1995 U.S.C.C.A.N. 679, 733 ("The Conference Committee believes that increasing the role of institutional investors in class actions will ultimately benefit shareholders and assist courts by improving the quality of representation in securities class actions.").

Congress reasoned that increasing the role of institutional investors, which typically have a large financial stake in the outcome of the litigation, would be beneficial because institutional investors with a large financial stake are more apt to effectively manage complex securities litigation. Pinellas Park, as an institutional investor, is precisely the type of lead plaintiff Congress envisioned when it passed the PSLRA. *See id.*

### c.     Pinellas Park Has the Requisite Financial Interest in the Relief Sought by the Class

During the Class Period, as evidenced by, among other things, the accompanying signed certification, *see* Rosenfeld Decl., Ex. 3, Pinellas Park incurred a substantial $19,932.95 loss on its Class Period transaction in Macy's shares.  *See* Rosenfeld Decl., Ex. 2.  Pinellas Park thus has a significant financial interest in this case.  Therefore, Pinellas Park satisfies all of the PSLRA's prerequisites for appointment as Lead Plaintiff in this action and should be appointed Lead Plaintiff pursuant to 15 U.S.C. §78u-4(a)(3)(B).

### d.     Pinellas Park Otherwise Satisfies Rule 23

According to 15 U.S.C. §78u-4(a)(3)(B), in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure."  Rule 23(a) provides that a party may serve as a class representative only if the following four requirements are satisfied:  (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Of the four prerequisites to class certification, only two – typicality and adequacy – directly address the personal characteristics of the class representative.  Consequently, in deciding a motion to serve as lead plaintiff, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until the lead plaintiff moves for class certification.  *See Lax v. First Merchants Acceptance Corp.*, No. 97-C-2175, 1997 U.S. Dist. LEXIS 11866, at *20, (N.D. Ill. Aug. 11, 1997).  Pinellas Park satisfies both the typicality and adequacy requirements of Rule 23, thereby justifying its appointment as Lead Plaintiff.

Under Rule 23(a)(3), the claims or defenses of the representative parties must be typical of those of the class. Typicality exists where the plaintiffs' claims arise from the same series of events and are based on the same legal theories as the claims of all the class members. *See Rossini v. Ogilvy & Mather, Inc.*, 798 F.2d 590, 598 (2d Cir. 1986). Typicality does not require that there be no factual differences between the class representatives and the class members because it is the generalized nature of the claims asserted which determines whether the class representatives are typical. *See Sofran v. Labranche & Co.,* 220 F.R.D. 398, 402 (S.D.N.Y. 2004) ("The possibility of factual distinctions between the claims of the named plaintiffs and those of other class members does not destroy typicality, as similarity of legal theory may control even in the face of differences of fact"). The requirement that the proposed class representatives' claims be typical of the claims of the class does not mean, however, that the claims must be identical. *See Impath,* 2004 U.S. Dist. LEXIS 13898, at *18.

Pinellas Park satisfies this requirement because, just like all other class members, it: (1) purchased Macy's shares during the Class Period; (2) was adversely affected by defendants' false and misleading statements; and (3) suffered damages as a result thereof. Thus, Pinellas Park's claims are typical of those of other class members since its claims and the claims of other class members arise out of the same course of events. Under Rule 23(a)(4) the representative parties must also "fairly and adequately protect the interests of the class." The PSLRA directs this Court to limit its inquiry regarding the adequacy of Pinellas Park to represent the class to the existence of any conflicts between the interest of Pinellas Park and the members of the class. The Court must evaluate adequacy of representation by considering: (i) whether the class representatives' claims conflict with those of the class; and (ii) whether class counsel is qualified, experienced, and

generally able to conduct the litigation. *See In re Global Crossing Sec. & ERISA Litig.*, No. 02 md 1472 (GEL), 2004 U.S. Dist. LEXIS 23946, at *53 (S.D.N.Y. Nov. 24, 2004).

Here, Pinellas Park is an adequate representative of the class. As evidenced by the injuries suffered by Pinellas Park and the Class, the interests of Pinellas Park are clearly aligned with the members of the class, and there is no evidence of any antagonism between Pinellas Park's interests and those of the other members of the class. Further, Pinellas Park has taken significant steps which demonstrate it will protect the interests of the class: it has retained competent and experienced counsel to prosecute these claims. In addition, as shown below, Pinellas Park's proposed Lead Counsel are highly qualified, experienced and able to conduct this complex litigation in a professional manner. Thus, Pinellas Park *prima facie* satisfies the commonality, typicality and adequacy requirements of Rule 23 for the purposes of this motion.

### C. The Court Should Approve Pinellas Park's Choice of Counsel

Pursuant to 15 U.S.C. §78u-4(a)(3)(B)(v), the proposed lead plaintiff shall, subject to Court approval, select and retain counsel to represent the class he seeks to represent. In that regard, Pinellas Park has selected the law firm of Lerach Coughlin as Lead Counsel, a firm which has substantial experience in the prosecution of shareholder and securities class actions, including serving as lead counsel in *In re Enron Corp. Sec. Litig.*, No. H-01-3624, 2005 U.S. Dist. LEXIS 39867 (S.D. Tex. Dec. 22, 2005) in which Lerach Coughlin has obtained recoveries to date which represent the largest recovery ever obtained in a shareholder class action. *See* Rosenfeld Decl., Ex. 4. Specifically, the court in *Enron* stated:

> "The firm is comprised of probably the most prominent securities class action attorneys in the country. It is not surprising that Defendants have not argued that counsel is not adequate. Counsel's conduct in zealously and efficiently prosecuting this litigation with commitment of substantial resources to that goal evidences those qualities is evident throughout this suit."

*In re Enron Corp. Sec. Derivative & "ERISA" Litig.*, H-01-3624, 2006 U.S. Dist. LEXIS 43146, at *77 (S.D. Tex. June 5, 2006).

Accordingly, the Court should approve Pinellas Park's selection of counsel.

### IV.  CONCLUSION

For all the foregoing reasons, Pinellas Park respectfully requests that the Court: (i) consolidate the Actions; (ii) appoint Pinellas Park as Lead Plaintiff in the Actions; (iii) approve its selection of Lead Counsel as set forth herein; and (iv) grant such other relief as the court may deem just and proper.

DATED:  August 3, 2007               LERACH COUGHLIN STOIA GELLER
                                        RUDMAN & ROBBINS LLP


                                               /s/ *David A. Rosenfeld*
                                        DAVID A. ROSENFELD

                                        SAMUEL H. RUDMAN (SR-7957)
                                        DAVID A. ROSENFELD (DR-7564)
                                        MARIO ALBA JR. (MA-7240)
                                        58 South Service Road, Suite 200
                                        Melville, NY  11747
                                        Telephone:  631/367-7100
                                        631/367-1173 (fax)

                                        [Proposed] Lead Counsel for Plaintiffs

**CERTIFICATE OF SERVICE**

I, Mario Alba Jr., hereby certify that on August 3, 2007, I caused a true and correct copy of the attached:

> Notice Of Motion For Appointment As Lead Plaintiff And For Approval Of Selection Of Lead Counsel;
>
> Memorandum In Support Of The Motion Of Pinellas Park Retirement System (General Employees) For Appointment As Lead Plaintiff And For Approval Of Selection Of Lead Counsel; and
>
> Declaration of Mario Alba Jr. In Support of the Motion of Pinellas Park Retirement System (General Employees) For Appointment As Lead Plaintiff And For Approval Of Selection Of Lead Counsel.

to be served: (i) electronically on all counsel registered for electronic service for this case; and (ii) by first-class mail to all additional counsel on the attached service list.

/s/ *Mario Alba Jr.*
Mario Alba Jr.

MACY'S FEDERATED

Service List - 8/1/2007    (07-0126)

Page 1 of 1

## Counsel For Defendant(s)

Arthur J. Margulies
Jones Day
222 East 41st Street
New York, NY  10017
   212/326-3939
   212/755-7306 (Fax)

## Counsel For Plaintiff(s)

Alfred G. Yates
Law Offices of Alfred G. Yates, Jr., P.C.
519 Allegheny Building
429 Forbes Avenue
Pittsburgh, PA  15219
   412/391-5164
   412/471-1033 (Fax)

Samuel H. Rudman
David A. Rosenfeld
Lerach Coughlin Stoia Geller Rudman & Robbins LLP
58 South Service Road, Suite 200
Melville, NY  11747
   631/367-7100
   631/367-1173 (Fax)

Darren J. Robbins
Mary K. Blasy
Lerach Coughlin Stoia Geller Rudman & Robbins LLP
655 West Broadway, Suite 1900
San Diego, CA  92101
   619/231-1058
   619/231-7423 (Fax)

Brian P. Murray
Bradley P. Dyer
Murray, Frank & Sailer LLP
275 Madison Avenue, Suite 801
New York, NY  10016
   212/682-1818
   212/682-1892 (Fax)

Richard A. Maniskas
D. Seamus Kaskela
Schiffrin Barroway Topaz & Kessler, LLP
280 King of Prussia Road
Radnor, PA  19087
   610/667-7706
   610/667-7056 (Fax)