UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
ROBERT L. GARBER, On Behalf of Himself   :
and All Others Similarly Situated,       :
                                         :       **ECF CASE**
                    Plaintiff,           :
                                         :       **No. 07-CV-04774 (AKH)**
        v.                               :
                                         :
MACY'S INC. (f/k/a FEDERATED             :
DEPARTMENT STORES, INC.), TERRY J.       :
LUNDGREN and KAREN M. HOGUET,            :
                                         :
                    Defendants.          :
---------------------------------------------------------------x

## DECLARATION OF ASHLEY KIM IN SUPPORT OF
## THE TEAMSTERS LOCAL 272 PENSION FUND'S
## MOTION FOR CONSOLIDATION, APPOINTMENT OF
## LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL

I, Ashley Kim, an attorney duly admitted to practice law before the courts of the State of New York, declare, under the penalty of perjury, as follows:

1. I am associated with the law firm Schoengold Sporn Laitman & Lometti, P.C. ("SSLL"). I am fully familiar with all the facts and circumstances herein. I submit this Declaration in support of the Motion of the the Teamsters Local 272 Pension Fund (the "Fund") for Consolidation, Appointment of Lead Plaintiff and Approval of Lead Counsel.

2. Exhibit 1 is a true and correct copy of the notification of the within securities class action published on a widely circulated business oriented wire service on June 4, 2007.

3. Exhibit 2 is a true and correct copy of the Fund's Certification of Securities Class Action Complaint.

4. Exhibit 3 is a true and correct copy of the calculation of the Fund's damages as a result of defendants' alleged violations of the federal securities laws.

2

5. Exhibit 4 is a true and correct copy of the firm biography of proposed Lead Counsel Schoengold Sporn Laitman & Lometti, P.C.

Dated: August 3, 2007
New York, New York

s/ Ashley Kim
Ashley Kim

# EXHIBIT 1

Page 1

Lerach Coughlin Stoia Geller Rudman & Robbins LLP Files Class Action Suit Against Macy's Inc. (f/k/a Federated Department Stores, Inc.) Business Wire June 4, 2007 Monday 12:00 AM GMT

1 of 1 DOCUMENT

Copyright 2007 Business Wire, Inc.
Business Wire

June 4, 2007 Monday 12:00 AM GMT

**DISTRIBUTION:** Business Editors; Financial Analysts

**LENGTH:** 616 words

**HEADLINE:** Lerach Coughlin Stoia Geller Rudman & Robbins LLP Files Class Action Suit Against Macy's Inc. (f/k/a Federated Department Stores, Inc.)

**DATELINE:** SAN DIEGO

**BODY:**

    Lerach Coughlin Stoia Geller Rudman & Robbins LLP ("Lerach Coughlin") (http://www.lerachlaw.com/cases/macys/) today announced that a class action has been commenced in the United States District Court for the Southern District of New York on behalf of purchasers of Macy's Inc. (formerly known as Federated Department Stores, Inc.) ("Macy's") (now (NYSE:M) - formerly (NYSE:FD)) publicly traded securities during the period between February 8, 2007 and May 15, 2007 (the "Class Period").

    If you wish to serve as lead plaintiff, you must move the Court no later than 60 days from today. If you wish to discuss this action or have any questions concerning this notice or your rights or interests, please contact plaintiff's counsel, Darren Robbins of Lerach Coughlin at 800/449-4900 or 619/231-1058, or via e-mail at wsl@lerachlaw.com If you are a member of this class, you can view a copy of the complaint as filed or join this class action online athttp://www.lerachlaw.com/cases/macys/. Any member of the purported class may move the Court to serve as lead plaintiff through counsel of their choice, or may choose to do nothing and remain an absent class member.

    The complaint charges Macy's and certain of its officers and directors with violations of the Securities Exchange Act of 1934. Macy's, the second-largest U.S. department store franchise, operates more than 850 department stores in 45 states, the District of Columbia, Guam and Puerto Rico under the names of Macy's and Bloomingdale's. Macy's acquired May Department Stores Co. ("May") in 2005 for $11 billion.

    The complaint alleges that between February 8, 2007 and May 15, 2007, defendants caused Macy's shares to trade at artificially inflated levels by concealing that the May integration was actually failing, sales growth was diminishing, the Company's business had deteriorated, and as a result, its sales projections were grossly overstated. Defendants' positive statements had their intended effect and the Company's stock price reached a Class Period high of $46.70 by March 23, 2007.

    The complaint further alleges that Macy's stock price plummeted between May 10, 2007 and May 15, 2007, as the Company disclosed that customers of the former May stores had actually rejected the rapid conversion, that sales at the Company's new Macy's stores had declined during the first quarter of 2007, and that in particular, the Company's decision to dramatically cut the number of days coupons could be used at the former May locations had badly damaged sales. On this news, the Company's stock price plunged to a price nearly 18% lower than its Class Period high, erasing over $3 billion in market capitalization.

    Plaintiff seeks to recover damages on behalf of all purchasers of Macy's publicly traded securities during the Class Period (the "Class"). The plaintiff is represented by Lerach Coughlin, which has expertise in prosecuting investor class actions and extensive experience in actions involving financial fraud.

    Lerach Coughlin, a 180-lawyer firm with offices in San Diego, San Francisco, Los Angeles, New York, Boca Raton, Washington, D.C., Houston, Philadelphia and Seattle, is active in major litigations pending in federal and state courts throughout the United States and has taken a leading role in many important actions on behalf of defrauded investors, consumers, and companies, as well as victims of human rights violations. Lerach Coughlin lawyers have been

Case 1:07-cv-04774-AKH   Document 14   Filed 08/03/2007   Page 5 of 19

Page 2
Lerach Coughlin Stoia Geller Rudman & Robbins LLP Files Class Action Suit Against Macy's Inc. (f/k/a Federated Department Stores, Inc.) Business Wire June 4, 2007 Monday 12:00 AM GMT

responsible for more than $20 billion in aggregate recoveries. The Lerach Coughlin Web site (http://www.lerachlaw.com) has more information about the firm.


CONTACT: Lerach Coughlin Stoia Geller Rudman & Robbins LLP
Darren Robbins, 800-449-4900
wsl@lerachlaw.com

**URL:** http://www.businesswire.com

**LOAD-DATE:** June 5, 2007

# EXHIBIT 2

## CERTIFICATION OF MACY'S INC. (f/k/a FEDERATED DEPARTMENT STORES, INC.) SECURITIES CLASS ACTION COMPLAINT

I, Marc A. Goodman, hereby certify that the following is true and correct to the best of my knowledge, information, and belief:

1. I am the Fund Manager of the Teamsters Local 272 Pension Fund (the "Fund").

2. I have reviewed the complaint filed in this case (the "Complaint"), and authorize the filing thereof.

3. The Funds are willing to serve as a representative party on behalf of the Class (as defined in the Complaint), including providing testimony at deposition and trial, if necessary.

4. During the Class Period (as defined in the Complaint), the Funds purchased and/or sold the security that is the subject of the Complaint as set forth on the attached.

5. The Funds did not engage in the foregoing transactions at the direction of counsel or in order to participate in any private action arising under the Securities Act of 1933 (the "Securities Act") or the Securities Exchange Act of 1934 (the "Exchange Act").

6. During the three year period preceding the date of my signing this Certification, the Funds have not served nor sought to serve as a representative party on behalf of a class in any private action arising under the Securities Act or the Exchange Act except in In re PNC Financial Services Group, Inc. Securities Litig., W.D.Pa. Docket No. 02-cv-271.

7. The Funds will not accept any payment for serving as a representative party on behalf of the Class beyond its pro rata share of any possible recovery except for an award, as ordered by the court, for reasonable costs and expenses directly relating to its representation of the Class.

Signed under the penalties of perjury, this ___ day of June 2007.

_____
Marc A. Goodman, on behalf of the
Teamsters Local 272 Pension Fund

*Schoengold Sporn Laitman & Lometti, P.C., 19 Fulton Street, New York, NY 10038 (866) 348-7700*

## SCHEDULE A

| DATE | BUY/SELL | NO. OF SHARES | PRICE PER SHARE |
|---|---|---|---|
| 2/8/2007 | Buy | 6,000 | $42.8800 |
| 2/13/2007 | Buy | 2,400 | $43.8700 |
| 3/8/2007 | Buy | 2,700 | $44.9300 |

# EXHIBIT 3

## Local 272 Labor-Management Pension Fund's
### Financial Interest in the Relief Sought by the Class in Macy's Inc. (f/k/a Federated Department Stores Inc.)

| Date | Buy | # of Shares | Price | Total Cost | Date | Sell | # of Shares | Price | Total Proceeds |
|---|---|---|---|---|---|---|---|---|---|
| 2/8/2007 | Buy | 6,000 | $ 42.88 | $ 257,280.00 | 5/16/2007 | Sell | 4,800 | $ 39.67 | $ 190,411.68 |
| 2/13/2007 | Buy | 2,400 | $ 43.87 | $ 105,288.00 | 5/22/2007 | Sell | 6,300 | $ 39.20 | $ 246,929.13 |
| 3/8/2007 | Buy | 2,700 | $ 44.93 | $ 121,311.00 | | | 11,100 | | $ 437,340.81 |
| | | 11,100 | | $ 483,879.00 | | | | | |

**Total Loss:** $ (46,538.19)

# EXHIBIT 4

**SCHOENGOLD SPORN LAITMAN & LOMETTI, P.C.**

**FIRM BIOGRAPHY**

Schoengold Sporn Laitman & Lometti, P.C. was founded in 1962.  For over 45 years, the firm has specialized in representing victims of securities fraud, and its attorneys have an average of over 21 years of experience.  During that time, the firm has litigated dozens of highly complex class actions throughout the country and has helped recover hundreds of millions of dollars for injured shareholders.

Among the more prominent cases wherein the firm or its client served in a leadership capacity are the following:

*In re WorldCom, Inc. Securities Litigation*, 02-CV-88 (S.D.N.Y.) ($6.13 billion recovery, part of which is subject to court approval).

*In re Wedtech Securities*, 86 Civ. 8628 (S.D.N.Y.) ($77.5 million recovery).

*In re Bank One Shareholders Class Actions*, 00-CV-880 (N.D. Ill.) ($50 million recovery).

☆    *Danis v. USN Communications, Inc.*, 98-CV-7482 (N.D. Ill.) ($44.7 million recovery).

☆    *In re PNC Financial Services Group, Inc. Securities Litigation,* 02-CV-271 (W.D. Penn.) ($46.675 million recovery).

*Singer v. Nicor, Inc.*, 02-CV-5168 (N.D. Ill.) ($39 million recovery).

*In re JWP Securities Litigation*, 92 Civ. 5815 (S.D.N.Y.) ($36 million recovery).

*In re First Investors Securities Litigation*, 90 Civ. 7225 (S.D.N.Y.) ($33 million recovery).

☆    *In re DSC Communications Corp. Securities Litigation*, 85-2005-T (N.D. Tex.)
($30 million recovery).

*In re Westar Energy, Inc. Securities Litigation*, 03-cv-4003-JAR (D. Kan..) ($30 million recovery).

1

   *Stern v. Jerome* and *Fisher Bond Fund v. Davis* (SpectraVision Securities Litigation), 3:94 CV-2236 and 3:95 CV-3062-D (N.D. Tex.) ($28.2 million recovery).

   *In re APAC Teleservices, Securities Litigation, 97-CV-9145 (S.D.N.Y) ($21 million recovery).*

   *In re ProNet Securities Litigation*, 3:96-CV-1795-P (N.D. Tex.) ($15 million recovery).

   *Kriegel v. Pacific Scientific Corp., et al., Civil No. 98-4163 (C.D. Cal.) ($14.8 million recovery).*

   *In re Anadigics, Inc. Securities Litigation*, 98-917 (D.N.J.) ($11.5 million recovery).

   *Maley v. Del Global Technologies Corp., 00-CV-8495 (S.D.N.Y.) ($11.5 million recovery).*

   *In re Datascope Corp. Securities Litigation*, Civil No. 93-4954 (D. N.J.) ($10.5 million recovery).

☆  *Kassover v. Coeur d'Alene Mines Corporation Securities Litigation*, Docket No. 92-0015-N-(HLR) (D. Ohio) ($5.875 million recovery).

   *In re Versatility, Inc. Securities Litigation*, 98-CV-1676 (S.D.N.Y) ($4.625 million recovery)

   *In re Alcohol Testing of America, Inc. Securities Litigation*, Case No. SA CV 92-123 LHM (JRX) ($ 4.6 million recovery).

   *Lehocky v. Tidel Technologies, Inc.*, 01-CV-3741 (S.D. Tex.) ($4.04 million recovery).

   *In re U.S. Homecare Corp. Securities Litigation*, 93 Civ. 4060 (S.D.N.Y.) ($3 million settlement).

Schoengold Sporn Laitman & Lometti began specializing in shareholder class and derivative securities litigation with its representation of one of the parties in the seminal case of <u>Escott v. Barchris Construction Corp.</u>; 283 F.Supp. 643 (S.D.N.Y. 1968). The <u>Barchris</u> case is recognized as the leading securities case dealing with the appropriate standards of liability for issuers, underwriters, accountants and lawyers.

2

Federal courts throughout the country have long noted the firm's experience and ability in complex securities litigation. Among the cases in which the firm's credentials were specifically recognized are:

> In Maley v. Del Global Technologies Corp., 00-CV-8495 (S.D.N.Y.), a case in which Schoengold Sporn Laitman & Lometti acted as sole lead counsel, Judge McMahon commended the firm for "going the extra mile" in obtaining a settlement representing approximately 41 percent of the maximum recoverable damages incurred by the class, observing: "Through Schoengold [Sporn Laitman & Lometti]'s efforts, after intensive investigation, concentrated litigation and extensive arm's-length bargaining, and without the benefit of any governmental agency's investigation, Class Counsel have secured a settlement fund which confers an excellent benefit to the Class . . . I can't ever remember having participated as a lawyer or a judge in a settlement of a securities fraud class action that yielded in excess of a forty percent rate of recovery."
>
> In re Westar Energy, Inc. Securities Litigation, 03-CV-4003(D. Kansas), a case in which the class recovered over 34% of total damages, Judge Robinson noted "Class Counsel are highly skilled. They have brought some unique and creative allegations...not based solely on the work of others...but much of which has been based on their own work...the attorneys have great experience, a national reputation, and substantial ability. [T]hey are highly experienced...more than competent...and have diligently represented the class."
>
> In re SPX Corp. Sec. Litigation, 3:04-CV-99 (W.D.N.C.), the Court commended the firm for its "skill, perseverance[,] … diligent advocacy" and "aggressive representation" of the class in achieving "from a financial standpoint, a very fair settlement" aggregating $10 million, or approximately 22 percent of the maximum recoverable damages, noting that SSL&L is among the "leading attorneys in the country in the area of class actions" and is "extremely competent" and "very experienced."
>
> In Kriegel v. Pacific Scientific Co., 98-CV-4163 (C.D. Cal.), a case in which the class received approximately 27 percent of their claimed maximum damages (which was 25 times defendants' estimation of damages), Judge Morrow concluded that the firm's "significant expertise" and the "hard-fought" settlement that was obtained "on the eve of trial" directly contributed to the case's "positive outcome."
>
> In Behr v. APAC Teleservices, Inc., 97-CV-9145 (S.D.N.Y.), Judge Jones recognized the "long efforts" of counsel in litigating the case and their "thorough investigation" of plaintiffs' claims, concluding that the "substantial settlement" obtained "saved [the class] a lot of years of complex litigation."
>
> In In re Rite Aid Corp. Derivative Litigation, 99-CV-1349 (E.D.Pa.), Judge Dalzell noted that Schoengold Sporn Laitman & Lometti "worked efficiently to

3

help produce a result that benefits the corporation and, through it, its shareholders."

In In re Datascope Corp. Securities Litigation, 93-CV-4954 (D. N.J.), Judge Bassler observed: "I have been continually impressed with the quality of the work in the case . . . in terms of the way this matter was handled, the professionalism, quality of the legal work, I've never seen anything better, so and for that I'm very grateful to everybody."

In In re Anadigics, Inc. Securities Litigation, CV-98-917 (D.N.J.), a case in which the class received approximately 44 percent of their legally recoverable damages, Magistrate Judge Wolfson praised the firm's achievement in resolving a difficult and complex case "without prolonging the litigation" and noted that the attorneys handling the matter were "well respected and experienced practitioners."

In re Versatility, Inc. Securities Litigation, 98-CV-1676 (S.D.N.Y.), Judge Sprizzo commended the firm for negotiating a settlement that "reflects . . . the best interests of the shareholders and the intelligence of the lawyers."

In Ostroff v. Hemisphere Hotels Corp., (CCH) Fed. Sec. L. Rep. ¶ 94,713 (S.D.N.Y. 1974), Judge Bonsal observed that "Messrs. Schoengold and Sporn are able attorneys, especially in Securities acts cases."

In Abramson v. Hyatt International, (CCH) Fed. Sec. L. Rep. ¶ 98,447 (S.D.N.Y. 1982), Judge Lowe commented that "Counsel on both sides are highly respected members of the bar and have substantial experience in stockholder litigation, federal securities litigation and class action litigation."

In IDI Securities Litigation, 84-CV-3870 (S.D.N.Y.), where shareholders received over 95 percent of their recognized losses, Judge Broderick stated that the legal work done on behalf of the class was "excellent" and "the result was an excellent result."

## THE ATTORNEYS OF SCHOENGOLD SPORN LAITMAN & LOMETTI, P.C.

**Samuel P. Sporn** is a graduate of the Brooklyn Law School, Class of 1953, where he distinguished himself as Editor-in-Chief of the Brooklyn Law Review and Class Valedictorian. He was admitted to practice in New York State in 1953, admitted to the bars of the Southern and Eastern Districts of New York in 1956, and thereafter admitted to the bars of the Supreme Court of the United States and the Second, Ninth and Washington, D.C. Circuit Courts of Appeal. Mr. Sporn served in the United States Army from 1953 to 1955 in the Judge Advocate General's Office. Thereafter, he was an attorney with the Port Authority of New York, and in 1956, became an associate at Israel & Taubenblatt in New York City, a firm specializing in tort and admiralty law. In 1959, Mr. Sporn began his own general practice, and in 1962, he co-founded the present firm of Schoengold & Sporn, P.C., which practiced general commercial law until it began specializing in securities law in 1968. He is an Adjunct Associate Professor of Law at the Brooklyn Law School, where he teaches a seminar in Federal and New York State Civil Practice. He has also lectured on class actions and the federal securities laws in various law schools in the metropolitan area.

**Joel P. Laitman** graduated from Columbia University in 1981 with a B.A. degree, *magna cum laude*, and received his J.D. degree from the Georgetown University Law Center, Washington, D.C. in June, 1986. Thereafter, he was associated with the firm of Shea & Gould, one of the largest law firms in New York City, practicing in the field of general commercial litigation. In December, 1988, he became associated with the firm of Bernstein, Litowitz, Berger & Grossmann, specializing in federal securities class action litigation. In March 1992, he joined the firm of Schoengold & Sporn, P.C.

**Christopher Lometti** graduated from Fordham College in 1983 and Fordham Law School in 1986. While attending law school, Mr. Lometti interned with the United States

5

Attorney's Office for the Eastern District of New York and clerked for Judge Jack Mackston of the Civil Court of the City of Long Beach. From 1986 through 1994, he was an associate in the Litigation Department of the New York Office of Shea & Gould. From 1994 through 1996, he was a sole practitioner, specializing in commercial litigation and securities arbitrations. Since September 1996, he has been affiliated with Schoengold & Sporn, P.C. He was admitted to the New York Bar in February 1987 and is also admitted in the Southern and Eastern Districts of New York, the District of Columbia and the U.S. Court of Appeals for the Second Circuit. He is a member of the American Bar Association and the New York County Lawyers Association, and he also serves as an arbitrator for the National Association of Securities Dealers and the New York Stock Exchange.

**Kurt Hunciker**, is admitted to practice in the State of New York (1979), and is also admitted to practice in the United States District Courts for the Southern, Eastern and Northern Districts of New York and the United States Courts of Appeal for the Second, Fourth and Ninth Circuits. Mr. Hunciker is a 1975 graduate of Stanford University and a 1978 graduate of Harvard Law School, where he served as a founding editor of the Harvard Environmental Law Review. Mr. Hunciker's practice is concentrated in complex business and securities litigation. He has represented clients in a number of class actions and cases brought under Section 10(b) of the Securities Act of 1934 and the Racketeer Influenced and Corrupt Practices Act, as well as actions brought under the federal antitrust and patent laws from 1978 through 1994, Mr. Hunciker was an associate and then a partner of the New York City law firm of Shea & Gould. Mr. Hunciker is a member of Phi Beta Kappa.

**Jay P. Saltzman** graduated from Columbia University in 1983 with a Bachelor of Arts degree where he was on the Dean's List throughout his attendance. From 1985-1990, Mr. Saltzman worked as an officer in the Corporate Trust department of the Bankers Trust Company,

responsible for all aspects of Corporate Trust, from integrating new issues to ensuring the accuracy of dividends and stock splits. Mr. Saltzman earned a Masters of Business Administration degree with a major in Corporate Finance from New York University's Stern School of Business in 1991. He received his J.D. degree from the Benjamin N. Cardozo School of Law in June, 1994. Mr. Saltzman was a member of the *Cardozo Law Review* for which he wrote his Note on International and Labor Law. While at Cardozo, he was an intern with the New York State Attorney General's Office and with the Lawyers' Committee for Human Rights. He is admitted to practice in the courts of the States of New York and New Jersey, in the Southern and Eastern Districts of New York, the District of New Jersey and the U.S. Court of Appeals for the Second and Third Circuits.

**Ashley Kim** graduated *cum laude* from Barnard College, Columbia University in 1994 with a Bachelor of Arts degree and was on the Dean's List throughout her attendance. Ms. Kim received her J.D. degree from Brooklyn Law School in June, 1999, where she was a member of the Criminal Procedure Moot Court team and the Moot Court Honor's Society. While at Brooklyn Law School, Ms. Kim received two CALI Excellence Awards for Legal Writing (1996-97). She is admitted to practice law in the States of New York and New Jersey and the United States District Courts for the Southern and Eastern Districts of New York, the District of New Jersey and the U.S. Court of Appeals for the Second and Sixth Circuits.

**Frank R. Schirripa**, graduated from the State University of New York at Albany School of Business in 1999, with a Bachelor of Business Administration with a concentration in Finance. Mr. Schirripa graduated *cum laude* from New York Law School in 2002, where he was Chairman of the Moot Court Association. During law school, he was an intern with the New York Stock Exchange, Office of the Special Counsel. Upon graduation, he was inducted into the Order of the Barristers. He is admitted to practice law in the States of New York and New Jersey

7

and the United States District Courts for the Southern and Eastern Districts of New York, the District of New Jersey and the U.S. Court of Appeals for the Second Circuit.

**Daniel B. Rehns**, earned his Bachelors Degree from Bucknell University in 2002 where he double-majored in Economics and Finance, and double-minored in Philosophy and Legal Studies. Mr. Rehns graduated from New York Law School in 2005, where he earned the honor of Dean's List, was a member of the Corporate & Business Law Society and co-authored West's Nutshell on Corporate Financial Law. He is admitted to practice in the courts of the States of New York (2006) and New Jersey (2006), in the Southern and Eastern Districts of New York (2006), and the District of New Jersey (2006). Mr. Rehns is a member of the New York State Bar Association and the American Bar Association.

**Ruth Hershman**, a paralegal at Schoengold & Sporn, P.C., graduated from Kingsborough Community College in March 1984, where she obtained a Certificate of Completion in the Paralegal Program and Legal Research and Brief Writing. Since 1983, Ms. Hershman has been specializing in paralegal work involving federal and state securities class actions.

**Rachel Conaboy,** graduated magna cum laude from Keystone College in 2002 with a Bachelor of Science degree in Criminal Justice Administration. While attending college, Ms. Conaboy interned with the offices of the United States Attorney, United States Probation, and the Federal Public Defender's, all for the Middle District of Pennsylvania. With two years of law school experience, Ms. Conaboy currently specializes in paralegal work involving federal securities class actions.