

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ROBERT L. GARBER, On Behalf of Himself and All Others Similarly Situated, <br><br> Plaintiffs, <br><br> vs. <br><br> MACY'S INC. (f/k/a FEDERATED DEPARTMENT STORES, INC.), TERRY J. LUNDGREN and KAREN M. HOGUET, <br><br> Defendants. | Case No. 1:07-cv-04774-AKH <br><br> ECF Case <br><br> **JOINT STIPULATION AND** [PROPOSED] **ORDER** |

*The conf. is adjourned to Aug 10, 2007, 9:30 a.m. from Aug 17, 2007, 9:— Sep —, 2007*

*8-2-07*
*[signature] AKH*

**IT IS HEREBY STIPULATED AND AGREED** by plaintiff and defendants, through their respective counsel, that judicial economy will be served by the adjournment of the Case Management and Scheduling Conference and the entry of a schedule for the parties to serve and respond to any forthcoming Consolidated Amended Complaint as follows:

1. On June 4, 2007, plaintiff filed the above-captioned Class Action Complaint on behalf of purchasers of Macy's Inc. (formerly known as Federated Department Stores, Inc.) publicly traded securities during the period from February 8, 2007 to May 15, 2007, against Macy's and certain of its officers and directors for alleged violations of the Securities Exchange Act of 1934.

2. On June 15, 2007, counsel for defendants waived service of summons on behalf of each of the defendants. According to the Court's docket, the deadline for defendants to answer the Class Action Complaint is currently August 13, 2007. (Dkt.#2-4).

3. On July 13, 2007, the Court ordered that counsel for all parties attend a conference on August 10, 2007, for the purpose of Case Management and scheduling pursuant to

**MEMO ENDORSED**

Rule 16 of the Federal Rules of Civil Procedure. The Court ordered that applications for adjournment must be submitted no later than one week prior to the conference date. (Notice of Court Conference dated 7/13/07).

4. Counsel for plaintiff and defendants, after meeting and conferring, have determined that, pursuant to the Private Securities Litigation Reform Act of 1995, 28 U.S.C. § 78u–4, the process for the appointment of lead plaintiff and lead counsel will not be complete prior to the Case Management and Scheduling Conference currently scheduled for August 10, 2007. Accordingly, the parties agree that judicial economy will be served by the adjournment of the Case Management and Scheduling Conference until after the appointment of lead plaintiff and lead counsel, at a date and time to be determined by the Court.

5. Counsel for plaintiff and defendants further agree that judicial economy will be served by the entry of a schedule for the parties to serve and respond to any forthcoming Consolidated Amended Complaint as follows:

a) The time for defendants to answer the Class Action Complaint filed on June 4, 2007 is hereby extended indefinitely, unless superseded by order of the Court or agreement of the parties.

b) Lead plaintiff will file and serve a Consolidated Amended Class Action Complaint no later than 60 days after the appointment of lead plaintiff and lead counsel.

c) Defendants shall file and serve an answer or otherwise respond to the Consolidated Amended Class Action Complaint no later than 60 days after

the lead plaintiff files and serves the Consolidated Amended Class Action Complaint.

d)  In the event that defendants file and serve any motion directed at the Complaint, lead plaintiff shall file and serve an opposition no later than 60 days after defendants file and serve any motion directed at the Complaint.

e)  If defendants file and serve a reply to lead plaintiff's opposition, they will do so no later than 30 days after lead plaintiff files and serves the opposition.

6. By executing this Stipulation, the parties have not waived and expressly retain all claims, defenses and arguments whether procedural, substantive or otherwise, and without prejudice to any subsequent motion to stay this action. This Order is entered without prejudice to the rights of any party to apply for a modification of this Order for good cause.

7. Facsimile signatures hereto shall be effective as originals.

**SO STIPULATED**:

Dated: New York, New York

By: /s/ David Rosenfeld
July 30, 2007

David Avi Rosenfeld (DR-7564)
Samuel Howard Rudman (SR-7957)
Lerach, Coughlin, Stoia, Geller, Rudman
& Robbins, LLP(LI)
58 South Service Road, Suite 200
Melville, NY 11747
Telephone: (631) 367-7100
Facsimile: (631) 367-1173
Email: drosenfeld@lerachlaw.com

Darren J. Robbins
Mary I. Blasy
Lerach, Coughlin, Stoia, Geller, Rudman
& Robbins, LLP
655 West Broadway, Suite 1900
San Diego, CA 92101-3301
Telephone: (619) 231-1058
Facsimile: (619) 231-7423

Alfred G. Yates
Law Offices Of Alfred G. Yates, Jr. P.C.
519 Allegheny Building
429 Forbes Avenue
Pittsburgh, PA 15219
Telephone: (412) 391-5164
Facsimile: (412) 471-1033

*Attorneys for Plaintiff Robert L. Garber*

Respectfully submitted,

By: /s/ Arthur J. Margulies

Arthur J. Margulies (AM-7777)
JONES DAY
222 East 41st Street
New York, NY 10017-6702
Telephone: (212) 326-3939
Facsimile: (212) 755-7306
Email: ajmargulies@jonesday.com

John M. Newman Jr.
Geoffrey J. Ritts
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, OH 44114
Telephone: (216) 586-3939
Facsimile: (216) 579-0212

*Attorney for Defendants Macy's Inc., Terry J. Lundgren and Karen M. Hoguet*

**SO ORDERED**:

Dated: New York, New York
8/2, 2007

/s/ Alvin K. Hellerstein

The Honorable Alvin K. Hellerstein
United States District Judge

- 4 -